IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANA ALLEN JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 3:12-cv-00443 |
| v. | ) ) Judge Nixon |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) Magistrate Judge Brown ) ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") in which he requests an award of $4,807 to his attorney, David C. Downard. (Doc. No. 32.)

Upon Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 12), the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Motion for Judgment on the Administrative Record be granted in part and that the case be remanded for a rehearing. (Doc. No. 20 at 14.) By order entered April 21, 2015, this Court adopted the Magistrate Judge's Report in part, vacated the ALJ's determination, and remanded the case to the SSA "for a reassessment of the materiality of Johnson's history of substance abuse and further adjudication of his claim for disability benefits." (Doc. No. 28 at 10.)

Under the Equal Access to Justice Act ("EAJA"), the Court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The application for fees and other expenses must be filed within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The statute defines "final

1

judgment" as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court has explained that "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Because Plaintiff obtained an order reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), he qualifies as a prevailing party under the EAJA. Defendant did not object to the fees Plaintiff requests in the Motion, thus conceding that Defendant's position in this case was not substantially justified. The Court concludes that there are no special circumstances that would make an award unjust. Under the sixty-day time limit for appeal set forth in Fed. R. App. P. 4(a)(1)(B), Plaintiff's Motion was timely filed. Consequently, Plaintiff is entitled to an award under the EAJA.

Plaintiff's Motion is supported by an itemized statement detailing the actual time expended by his attorney and the rate at which fees were computed (Doc. No. 32-1 at 2–5). *See* 28 U.S.C. § 2412(d)(1)(B). Plaintiff requests an attorney fee award at an hourly rate of $190.00 from 2012 to 2015. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court finds that the rise in the cost of living since the EAJA statutory rate was last increased justifies Plaintiff's requested hourly rates. The Court further finds that $4,807 is a reasonable award for the work performed and, accordingly, **GRANTS** the Motion.

Plaintiff filed an incorrect motion on May 22, 2015 (Doc. No. 29), and it is hereby **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the 18th day of August, 2015.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2